This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A.,**

    Plaintiff,

v.                                                              **No. A-1-CA-36813**

**THE UNKNOWN HEIRS, DEVISEES, OR LEGATEES OF ROBERT CARMIGNANI a/k/a ROBERT L. CARMIGNANI, deceased, UNITED STATES OF AMERICA BY AND THROUGH THE INTERNAL REVENUE SERVICE, THE UNKNOWN SURVIVING SPOUSE OF ROBERT CARMIGNANI a/k/a ROBERT LO. CARMIGNANI, if any, LAWRENCE THOMAS CARMIGNANI, and THE STATE OF NEW MEXICO DEPARTMENT OF TAXATION AND REVENUE,**

    Defendants,

---

**IN RE DON C. TOLAND,**

    Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Don C. Toland
Albuquerque, NM

Pro Se Appellant

Snell & Wilmer, L.L.P.
Sandra A. Brown
Albuquerque, NM

for Plaintiff

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Don C. Toland ("Toland") appeals from the denial of his motion to intervene in the proceedings below. [RP 158-62, 205-06] Unpersuaded by Toland's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Toland has filed a memorandum in opposition (MIO) to our notice. We remain unpersuaded and therefore affirm.

{2}     In his docketing statement, Toland raised four issues, all of which related to the central contention that the district court erred in denying his motion to intervene. [ADS 6] Our notice, which proposed summary affirmance, set forth the relevant facts and the law that we believed controlled. This Court proposed that the district court did not err in denying Toland's motion to intervene because he did not seek to intervene in a timely manner. In response, Toland points out that he would have had to intervene in this case before the separate action between himself and Plaintiff in this case was resolved. [MIO 2] However, the fact that the related case had yet to be resolved does

not alter our analysis with respect to timeliness. Toland was not precluded from attempting to intervene in this case because the related case was pending. Additionally, we point out, as we did in our notice of proposed summary disposition, that once the related case had been resolved, Toland waited more than a year before attempting to intervene in this case. Accordingly, we are unpersuaded by Toland's arguments with respect to timeliness. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Toland also takes issue with language and case law that he claims is in our notice of proposed summary disposition. [MIO 3] However, neither the language he quotes nor the case he refers to was in this Court's notice. Therefore, we do not address his contentions.

{4}     The remainder of Toland's MIO relates to issues that he wished to raise as a potential intervenor. [MIO 3-5] However, because the district court denied his motion to intervene and this Court finds no error in that ruling, we do not address these issues.

{5}     In sum, Toland's MIO does not supply any new legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a]

3

party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**EMIL J. KIEHNE, Judge**

4